<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| S.W., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Civil Action No. 24-6370 (SRC) <br><br> **OPINION** |

<u>**CHESLER, District Judge**</u>

      This matter comes before the Court on the appeal by Plaintiff S.W. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. C<small>IV</small>. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

      In brief, this appeal arises from Plaintiff's application for supplemental security income benefits, alleging disability beginning July 1, 2014. A hearing was held before ALJ Kenneth Ayers (the "ALJ") on January 25, 2023, and the ALJ issued an unfavorable decision on May 10, 2023. Plaintiff sought review of the unfavorable decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of May 10, 2023, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain exertional limitations. At step four, the ALJ also found that this residual functional capacity was sufficient to allow Plaintiff to perform her past relevant work as a customer service representative. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

Plaintiff makes two arguments on appeal. First, Plaintiff contends: "The decisional RFC is clearly based on the ALJ's lay opinion regarding effects of plaintiff's impairments and the RFC rationale is not readily discernible." (Pl.'s Br. at 6.) Second, Plaintiff argues that the past relevant work denial is not supported by substantial evidence.

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also

show that, but for the error, she might have proven her disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

As to Plaintiff's argument challenging the RFC determination at step four, the Court finds that the record does not support Plaintiff's contentions. The ALJ stated that, while the opinions of the DDS medical expert were not fully persuasive, the ALJ accepted the expert's opinion about the claimant's RFC:

> [T]he undersigned does concur that her impairments only limit her to a range of light work with postural and environmental limitations. The undersigned finds that the compromised range of light work is consistent with the medical record of evidence and accounts for her obesity, diabetes with neuropathy, and uncontrolled hypertension.

(Tr. 25.) Contrary to Plaintiff's argument, the Court finds that the ALJ's rationale for the RFC determination is readily discernable: the ALJ concurred with the RFC determination of the DDS expert.

Plaintiff's contention that the ALJ based the RFC determination on the ALJ's lay opinion of the evidence is not supported by the plain language of the ALJ decision, quoted above. Furthermore, the report of the DDS expert supports the determination that the claimant retains the RFC for light work, as defined in 20 C.F.R. § 416.967(b):

> Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

The DDS expert's report gives a residual functional capacity assessment which concludes that

the claimant is capable of occasionally lifting 20 pounds and frequently lifting 10 pounds, and can stand, walk or sit "for about 6 hours in an 8 hour workday." (Tr. 65.) The DDS expert also stated that the claimant's past relevant work in customer service was at the sedentary level, and that the claimant's residual functional capacity enables her to perform this past relevant work. (Tr. 66.)

In short, the DDS expert report clearly stated the key findings about the claimant's residual functional capacity as it related to her past relevant work. The ALJ cited the DDS expert report and stated that he concurred with its conclusions. The ALJ's determination of the claimant's residual functional capacity, and about the sufficiency of this RFC to enable the claimant to perform her past relevant work, are supported by the DDS expert's assessment, which constitutes substantial evidence. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.") The Court has reviewed the ALJ's discussion at step four and finds that the explanation is sufficient to allow meaningful review of the decision, and that the decision is supported by substantial evidence.

Second, Plaintiff argues that the past relevant work denial is not supported by substantial evidence. Although this point is stated in the relevant subheading in Plaintiff's brief, the argument which follows does not establish it. Instead, the brief continues to challenge the adequacy of the step four RFC determination itself, which this Court has already concluded is supported by substantial evidence. Plaintiff has raised no challenge of substance to the determination that the claimant's past relevant work was performed at the sedentary level, a point on which the DDS expert (Tr. 66) and the vocational expert (Tr. 51) agreed. This determination is supported by substantial evidence.

Plaintiff has failed to persuade this Court that the ALJ erred in the decision, or that she was harmed by any errors. Plaintiff has not shown that the ALJ erred, has not shown that the evidence supported a decision in her favor, and has made no demonstration of prejudice as required by <u>Shinseki</u>. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                                        s/ Stanley R. Chesler
                                       STANLEY R. CHESLER, U.S.D.J.

Dated: March 27, 2025